IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **RONALD COMBS** * | Case No. 3:21cv178 |
| 5945 KEEGAN PLACE | |
| **ROHNERT PARK, CA 94928** * | JUDGE |
| | |
| Plaintiff, * | **COMPLAINT** |
| | **WITH JURY DEMAND** |
| -vs- * | |
| * | |
| **LOUIS DEJOY** | |
| **POSTMASTER GENERAL** * | |
| **UNITED STATES POSTAL SERVICE** | |
| **475 L'ENFANT PLAZA SW** * | |
| **WASHINGTON, DC 20260** | |
| * | |
| Defendant. | |
| * | |

## I. NATURE OF THE CASE

1. This complaint is filed by Plaintiff, Ronald Combs, an employee of the United States Postal Service, formerly working in the Cincinnati District Office, challenging the agency non-selection of him for promotion to four (4) positions based on his age and retaliation. He brings this action to obtain full and complete relief and to redress the agency's unlawful employment practices. Specifically, Mr. Combs was over 40 years old and was treated less favorably than younger applicants when applying for promotions and Mr. Combs engaged in protected activity and suffered adverse employment action by being denied promotion shortly thereafter. As a result,

1

Mr. Combs sought EEO counseling and filed a discrimination complaint and amendments. After filing the discrimination complaint, Mr. Combs had a hearing on his claims. Dissatisfied with the Administrative Judge and final agency decisions, Mr. Combs sought review of those decisions by the EEOC Office of Federal operations (hereafter "EEOC OFO"). The EEOC OFO upheld those decisions and gave Mr. Combs the right to file a civil action in District Court.

2. This action seeks declaratory, injunctive and other equitable relief from age discrimination in employment against the Plaintiff, pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), as amended, and the prohibition against retaliation for engaging in protected activity pursuant to Title VII and the ADEA.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

4. This Court has jurisdiction over the subject matter of this civil action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. and

5. The unlawful employment practices described herein concern discriminatory acts that occurred at the Dayton Post Office in Dayton, Ohio. Venue in this Court is proper pursuant to 29 U.S.C. § 626 et seq.

6. Venue is proper pursuant to 28 U.S.C. § 1391. The events described herein occurred within the Southern District of Ohio. Plaintiff's claims arose and all relevant events occurred within Montgomery County, Ohio.

## III. PARTIES

7. Plaintiff Ronald Combs is a citizen of the United States and a resident of Montgomery County, Ohio. At all relevant times the Plaintiff was employed by the agency in

Montgomery County, Ohio. The Plaintiff was a federal employee within the meaning of 29 U.S.C. §626 et seq.

8. Defendant Louis DeJoy is Postmaster General of the United States Postal Service. He is sued in his official capacity as head of the agency, and, as such, is amenable to suit.

### IV. EXHAUSTION OF FEDERAL ADMONISTRATIVE REMEDIES

9. Plaintiff made a timely report of discrimination to an agency Equal Employment Opportunity (hereinafter EEO) Counselor and the agency processed the complaint. The agency issued a final agency decision. Plaintiff filed an appeal of that decision with the EEOC OFO. The EEOC OFO upheld the agency decision. The EEOC OFO gave Plaintiff the right to pursue his claims in federal court. A copy of the EEOC OFO decision is attached hereto and incorporated herein, as Exhibit 1.

### V. STATEMENT OF FACTS

10. Plaintiff is a retired veteran that joined the United States Postal Service (hereinafter "agency") in 2000.

11. Plaintiff was initially hired as a letter carrier and maintained that position until his promotion to Supervisor of Customer Service at the level of EAS-17 in 2006.

12. Throughout his employment with the agency, Plaintiff was a qualified employee that could perform the essential functions of his position as both a letter carrier and a supervisor.

13. Plaintiff was over the age of forty (40) throughout 2018.

14. Plaintiff filed a timely application for promotion to the position of Manager of Customer Service at the level of EAS-22 for the Dayton View Branch Post Office.

15. Plaintiff was interviewed and his qualifications were considered.

16. Despite his considerable education, training, and experience, as a supervisor with the agency and in the military as a supervisor and manager, Plaintiff was not selected for promotion to the position of EAS-22 Manager for Dayton View Branch.

17. Plaintiff was qualified for the position of EAS-22 Manager of Customer Service at Dayton View Branch.

18. During the spring of 2018, the agency selected Jessica Robinson, a much younger and much less experienced employee, for promotion to the EAS-22 Manager position at Dayton View.

19. Plaintiff filed a timely application for promotion to the position of Manager of Customer Service at the level of EAS-20 for the Dunbar Branch Post Office.

20. Plaintiff was interviewed and his qualifications were considered.

21. Despite his considerable education, training, and experience, as a supervisor with the agency and in the military, Plaintiff was not selected for promotion to the position of EAS-21 Manager for Dunbar Branch.

22. Plaintiff was qualified for the position of EAS-20 Manager of Customer Service at Dunbar Branch.

23. In the summer of 2018, the agency selected Brandy Robeson, a much younger and much less experienced employee, for promotion to the EAS-20 Manager position at Dunbar.

24. Plaintiff filed a timely application for promotion to the position of Manager of Customer Service at the level of EAS-22 for the Washington Township Branch Post Office.

25. Plaintiff was interviewed and his qualifications were considered.

26. Despite his considerable education, training, and experience, as a supervisor with the agency and in the military, Plaintiff was not selected for promotion to the position of EAS-22 Manager for Washington Township Branch.

27. Plaintiff was qualified for the position of EAS-22 Manager of Customer Service at Washington Township Branch.

28. On October 5, 2018, the agency selected Lori Gotthardt, a much younger and much less experienced employee, for promotion to the EAS-22 Manager position at Washington Township.

29. Plaintiff filed a timely application for promotion to the position of Maintenance Engineer Specialist at the level of EAS-19 for the Dayton Plant.

30. Plaintiff was not interviewed.

31. Despite his considerable education, training, and experience, as a supervisor with the agency and in the military, Plaintiff was not selected for promotion to the position of EAS-19 Maintenance Engineer Specialist for the Dayton Plant.

32. Plaintiff was qualified for the position of EAS-19 Maintenance Engineer Specialist at the Dayton Plant.

33. On September 10, 2018, the agency selected Alvertis Bishop, a much younger and much less experienced employee, for promotion to the EAS-19 Maintenance Engineer Specialist position at the Dayton Plant.

34. Plaintiff filed a discrimination complaint against EAS-23 Manager of Customer Service Operations Jewell Morrow in 2017.

35. Jewell Morrow is the second highest ranking manager in Dayton, and she is the immediate supervisor of all branch managers.

36. Upon information and belief, Jewell Morrow was the selecting official or provided feedback to the selecting official on all promotions to manager at a Dayton branch post office.

## VI. CAUSES OF ACTION

### COUNT I
### Age Discrimination in violation of the
### Age Discrimination in Employment Act of 1967

37. Plaintiff hereby incorporates paragraphs 1 through 36, above, as if fully rewritten herein.

38. Throughout his employment with the agency, Plaintiff was able to perform the essential functions of his positions.

39. Plaintiff was over the age of forty (40) in 2018.

40. Plaintiff applied for the position of Manager of Customer Service at Dayton View Branch Post Office.

41. Plaintiff was qualified for the position and was the best qualified applicant to apply.

42. Plaintiff was not selected for the position, and a much younger and less experienced agency employee was selected.

43. Plaintiff's non-selection was based on his age.

44. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injury and damages.

### COUNT II
### Age Discrimination in violation of the
### Age Discrimination in Employment Act of 1967

5

45. Plaintiff hereby incorporates paragraphs 1 through 44, above, as if fully rewritten herein.

46. Throughout his employment with the agency, Plaintiff was able to perform the essential functions of his positions.

47. Plaintiff was over the age of forty (40) in 2018.

48. Plaintiff applied for the position of Manager of Customer Service at Dunbar Branch Post Office.

49. Plaintiff was qualified for the position and was the best qualified applicant to apply.

50. Plaintiff was not selected for the position, and a much younger and less experienced agency employee was selected.

51. Plaintiff's non-selection was based on his age.

52. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injury and damages.

## COUNT III
## Age Discrimination in violation of the
## Age Discrimination in Employment Act of 1967

53. Plaintiff hereby incorporates paragraphs 1 through 52, above, as if fully rewritten herein.

54. Throughout his employment with the agency, Plaintiff was able to perform the essential functions of his positions.

55. Plaintiff was over the age of forty (40) in 2018.

56. Plaintiff applied for the position of Manager of Customer Service at Washington Township Branch Post Office.

57. Plaintiff was qualified for the position and was the best qualified applicant to apply.

58. Plaintiff was not selected for the position, and a much younger and less experienced agency employee was selected.

59. Plaintiff's non-selection was based on his age.

60. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injury and damages.

## COUNT IV

**Age Discrimination in violation of the**
**Age Discrimination in Employment Act of 1967**

61. Plaintiff hereby incorporates paragraphs 1 through 60, above, as if fully rewritten herein.

62. Throughout his employment with the agency, Plaintiff was able to perform the essential functions of his positions.

63. Plaintiff was over the age of forty (40) in 2018.

64. Plaintiff applied for the position of Maintenance Engineer Specialist at the Dayton Plant.

65. Plaintiff was qualified for the position and was the best qualified applicant to apply.

66. Plaintiff was not selected or interviewed for the position, and a much younger and less experienced agency employee was selected.

67. Plaintiff's non-selection was based on his age.

68. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injury and damages.

**COUNT V**
**Retaliation in violation**
**of the ADEA and Title VII**

69. Plaintiff hereby incorporates paragraphs 1 through 68, above, as if fully rewritten herein.

70. Plaintiff engaged in protected activity by filing a discrimination complaint against the Manager of Customer Service Operations in 2017.

71. Defendant was aware of Plaintiff engaging in protected activity.

72. Plaintiff suffered an adverse action when he was denied promotion to the position of Manager of Customer Service at Dayton View Branch Post Office.

73. There is a causal connection between Plaintiff's protected activity and the denied promotion.

74. As a direct and proximate result of Defendant's actions, Plaintiff suffered injury and damages.

## COUNT VI
### Retaliation in violation
### of the ADEA and Title VII

75. Plaintiff hereby incorporates paragraphs 1 through 74, above, as if fully rewritten herein.

76. Plaintiff engaged in protected activity by filing a discrimination complaint against the Manager of Customer Service Operations in 2017.

77. Defendant was aware of Plaintiff engaging in protected activity.

78. Plaintiff suffered an adverse action when he was denied promotion to the position of Manager of Customer Service at Dunbar Branch Post Office.

79. There is a causal connection between Plaintiff's protected activity and the denied promotion.

80. As a direct and proximate result of Defendant's actions, Plaintiff suffered injury and damages.

## COUNT VII
### Retaliation in violation
### of the ADEA and Title VII

81. Plaintiff hereby incorporates paragraphs 1 through 80, above, as if fully rewritten herein.

82. Plaintiff engaged in protected activity by filing a discrimination complaint against the Manager of Customer Service Operations in 2017.

83. Defendant was aware of Plaintiff engaging in protected activity.

84. Plaintiff suffered an adverse action when he was denied promotion to the position of Manager of Customer Service at Washington Township Branch Post Office.

85. There is a causal connection between Plaintiff's protected activity and the denied promotion.

86. As a direct and proximate result of Defendant's actions, Plaintiff suffered injury and damages.

## COUNT VIII
### Retaliation in violation
### of the ADEA and Title VII

87. Plaintiff hereby incorporates paragraphs 1 through 86, above, as if fully rewritten herein.

88. Plaintiff engaged in protected activity by filing a discrimination complaint against the Manager of Customer Service Operations in 2017.

89. Defendant was aware of Plaintiff engaging in protected activity.

90. Plaintiff suffered an adverse action when he was denied promotion to the position of Maintenance Engineer Specialist at the Dayton Plant.

91. There is a causal connection between Plaintiff's protected activity and the denied promotion.

92. As a direct and proximate result of Defendant's actions, Plaintiff suffered injury and damages.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount exceeding one hundred thousand dollars ($100,000), together with pre-judgment interest, interest, costs herein expended, compensatory damages, reasonable attorney fees, costs of this action, and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Julius L. Carter
Julius L. Carter (#0084170)
Julius L. Carter Co., LPA
130 W. Second Street Suite 1622
Dayton, OH 45402
(937) 222-7900
(937) 222-7910 Fax
jcarter@juliuscarter.com
*Trial Attorney for Plaintiff*

## JURY DEMAND

Now comes the Plaintiff and hereby demands a trial by Jury of all issues so triable.

Respectfully submitted,

/s/ Julius L. Carter
Julius L. Carter (#0084170)
Julius L. Carter Co., LPA
130 W. Second Street Suite 1622
Dayton, OH 45402
(937) 222-7900
(937) 222-7910 Fax
jcarter@juliuscarter.com
*Trial Attorney for Plaintiff*
